**BECKER & POLIAKOFF LLP**
Helen Davis Chaitman
HCHAITMAN@BECKER-POLIAKOFF.COM
45 Broadway
New York, New York 10006
Telephone (212) 599-3322

*Attorneys for Defendants Listed on Exhibit A to the Chaitman Declaration*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br>                               Plaintiff,<br>v.<br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>                               Defendant. | Adv. Pro. No. 08-1789 (BRL)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br>BERNARD L. MADOFF,<br>                               Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br>                               Plaintiff,<br>v.<br>JAMES GREIFF et al.[1]<br>                               Defendant. | Adv. Pro. No. 10-04357 (BRL) |

**DECLARATION OF HELEN DAVIS CHAITMAN**
**IN SUPPORT OF DEFENDANTS' MOTION**
**FOR MANDATORY WITHDRAWAL OF THE REFERENCE**

---

[1] This motion is filed by Becker & Poliakoff LLP on behalf of 313 defendants in 108 clawback actions filed by Irving H. Picard, Trustee, as listed on Exhibit A hereto.

I, Helen Davis Chaitman, hereby declare, under penalty of perjury pursuant to 28 U.S.C. §1746, as follows:

1. The Trustee has sued the Defendants in substantially identical actions to recover withdrawals that they took in the ordinary course of their investment affairs from their BLMIS accounts. The complaints against the Defendants were filed in December 2010 but summonses were not issued and the complaints were not served, in many instances, until several months thereafter. With respect to all of the Defendants, their time to answer the complaints filed against them has been extended by the Trustee and has not yet expired. The Defendants intend to move to dismiss the complaints on numerous grounds that are based upon the federal and state securities laws and upon the United States Constitution.

2. The Trustee has conceded that the Defendants were "innocent" investors; that is, that they had no knowledge that BLMIS was a fraud. The Trustee's theory is that the Defendants withdrew from their BLMIS accounts, over a period extending as long as 50 years, more money than they, or their parents, or their grandparents, invested, and that they have a legal obligation to return to the Trustee the amount by which their withdrawals exceeded their investments.

3. The causes of action the Trustee has asserted against the Defendants are fraudulent transfer and preference claims, pursuant to the avoidance provisions of the Bankruptcy Code, 11 U.S.C. Sections 544, 547 and 548, and pursuant to New York Debtor and Creditor Law (the "clawback actions"). However, the issue of whether the Trustee has the right to bring the clawback actions is subject to substantial dispute and requires resolution of issues of first impression.

4. True and correct copies of the following documents are attached hereto.

5. **Exhibit A** is a list of Defendants in clawback actions filed by Irving H. Picard on whose behalf this motion is filed.

6. **Exhibit B** is the December 17, 2010 statement of Congressman Scott Garrett upon his introduction of a bill to clarify existing law concerning the protection of investors under the Securities Investor Protection Act.

7. **Exhibit C** is the complaint filed in *Picard v. Shapiro Nominee, et. al.*, Adv. Pro. No. 10-4328 (Bankr. S.D.N.Y.), Doc. No. 1.

8. **Exhibit D** is the Trustee's Motion for an Order Approving Initial Allocation of Property to the Fund of Customer Property and Authorizing an Interim Distribution to Customers, Adv. Pro. No. 08-01789 (Bankr. S.D.N.Y.), Doc. No. 4048.

9. **Exhibit E** is the Affidavit of Matthew Cohen in Support of the Trustee's Motion for an Order Approving an Initial Allocation of Property to the Fund of Customer Property and Authorizing an Interim Distribution to Customers, Adv. Pro. No. 08-01789 (Bankr. S.D.N.Y.), Doc. No. 4049.

10. **Exhibit F** is the December 17, 2010 Press Release of Irving H. Picard, "$7.2 BILLION RECOVERY AGREEMENT WITH ESTATE OF JEFFRY PICOWER AND PICOWER-RELATED INVESTORS."

11. **Exhibit G** is a brochure produced by SIPC, SIFMA, and NASAA, entitled *Understanding Your Brokerage Account Statements*.

12. **Exhibit H** is the Trustee's Memorandum of Law in Opposition to the Sterling Defendants' Motion to Dismiss, or, in the Alternative, for Summary Judgment in *Picard v. Katz*, Adv. Pro. No. 10-05287 (Bankr. S.D.N.Y.), Doc. No. 49.

13. **Exhibit I** is the August 6, 2009 hearing transcript on the First Application for Interim Professional Compensation for Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred for Baker & Hostetler LLP, et al.

14. **Exhibit J** is the transcript of March 10, 2011 hearing before the Oversight and Government Reform Committee concerning David Becker's conflict of interest with respect to BLMIS as general counsel of the Securities Exchange Commission.

15. **Exhibit K** is a press release by the United States Department of Justice, Southern District of New York "Manhattan U.S. Attorney Announces Agreement to Recover $7.2 Billion for Victims of Bernard L. Madoff's Ponzi Scheme from Estate of Jeffry M. Picower," dated December 17, 2010.

16. I declare under penalty of perjury that the foregoing is true and correct.


June 2, 2011                                             /s/ Helen Davis Chaitman